[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE CROSS-CLAIM (NO. 107)
Plaintiff alleges that he was a passenger in a car operated by defendant Christiansen ("C"). He alleges that he was injured when C's vehicle and a tractor trailer collided. He sued C as well as the the operator of the truck, Roger Little ("RL"), and the owner of the truck, Cardinal Freight Carriers, Inc. (`CF"). The accident occurred on April 10, 1990, and is governed by that body of statutes generally referred to as Tort Reform II.
Defendants RL and CF filed a cross-claim against C alleging five specifications of negligence which are identical to the first five specifications of negligence alleged by the plaintiff against C.
The cross-claimants further allege that they are CT Page 59 "entitled to have an assessment of the percentage of negligence of the codefendant, Paul Christiansen, determined by the trier of fact before any final judgment is rendered in the present lawsuit pursuant to 52-572h of the Connecticut General Statutes."
Two claims for relief are made as follows:
 1. An assessment of the percentage of negligence of the codefendant, Paul Christiansen, pursuant to Connecticut General Statutes 52-572h;
 2. A reduction in the monetary damages awarded by the trier of fact against [RL and CF], if any, and in favor of the plaintiff, by the percentage of negligence found by the trier of fact to be attributable to [C]. (Emphasis added.)
A motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989). The issue is whether the allegations of the cross-claim state a cause of action against C by RL and CF. The cross-complaint alleges that if plaintiff was injured, C negligently caused the injuries. These allegations, if proven, would obligate C to pay damages to plaintiff but not to RL and CF.
The cross-complaint alleges that RL and CF are entitled to have the trier assess the percentage of negligence of C before any judgment is rendered and asks for that assessment in their first claim for relief. The cross-claimants are correct in asserting that Connecticut General Statutes52-572h requires an assessment of the percentage of liability of each defendant (if liability is found). That statute, subsection (c), states:
 (c) In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section. CT Page 60
That statutorily mandated assessment of the proportionate share of negligence of each defendant does not give rise to a cause of action by one defendant against another. It is a mechanism for determining how much each defendant will have to pay the plaintiff. Connecticut General Statutes52-572h(d) makes this clear.
 (d) The proportionate share of damages for which each party is liable is calculated by multiplying the recoverable economic damages and the recoverable noneconomic damages by a fraction in which the numerator is the party's percentage of negligence, which percentage shall be determined pursuant to subsection (f) of this section, and the denominator is the total of the percentages of negligence, which percentages shall be determined pursuant to subsection (f) of this section, to be attributable to all parties whose negligent actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection (n) of this section. Any percentage of negligence attributable to the claimant shall not be included in the denominator of the fraction.
The only remaining claim in the cross-complaint is the second prayer for relief wherein RL and CF ask that any award against them in favor of the plaintiff be reduced by the percentage of negligence attributable to C.
The startling nature of this claim is best illustrated by example. If the trier of fact were to find each operator 50 per cent negligent and award $100,000.00 total damages, each defendant[1] would be liable for $50,000.00 (50 per cent). Under the requested relief, plaintiff's award against RL and CF would be reduced by 50 per cent (the percentage of negligence attributable to C). Plaintiff would then recover only $25,000.00 from RL and CF (50 per cent of $50,000.00) for a total award of only $75,000.00.
Nothing in the statutes authorizes this bizarre result, and the cross-claimants cite no authority for their proposition. They ask for a reduction in plaintiff's award (if any) as to them but ask for no relief against C. No cause of action has been alleged against C; therefore, the cross-claim is legally insufficient. CT Page 61
The motion to strike is granted.[2]
E. EUGENE SPEAR, JUDGE